IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| EDNA SINGLETARY,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., d/b/a DOLLAR TREE,<br><br>    Defendant. | Civil Action<br>File No.: |

## PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Middle District of Georgia, Valdosta Division:

COMES NOW Dollar Tree Stores, Inc., by and through its undersigned counsel, and it hereby files this Petition for Removal and respectfully shows this Court the following:

1. A civil action has been field and is now pending in the Superior Court of Lowndes County, State of Georgia, designated as Civil Action File No. 2021CV1133.

2. Ms. Singletary filed her Summons and Complaint on July 12, 2021. Dollar Tree was served on July 30, 2021 and its Answer was filed in Superior Court on August 10, 2021.

3. Defendant Dollar Tree files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 U.S.C. 1446. (Attached hereto as Exhibit "A").

4. In Plaintiff's Complaint, she claims she slipped and fell on November 29, 2020 at a Dollar Tree store injuring herself. (Complaint, ¶¶ 4, 10). Plaintiff claimed that as a result

of the incident, she suffered serious, permanent bodily injury and is entitled to recover for past, present, and future pain and suffering, and medical expenses. (Complaint, ¶¶, 10, 11, 12, 13).

5. Plaintiff's Complaint was not initially removeable on its face because she did not allege a specific amount of claimed damages, nor did she provide a description of the nature of her injuries. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir.2002). If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties "relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir.2001).

Since filing her Complaint, Ms. Singletary has served a time limited demand for $145,000.00 and a subsequent statutory offer of settlement for $100,000.00. Settlement letters and demands are admissible evidence of the amount in controversy at the time of removal. Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008). Considering Ms. Singletary made two six figure demands the weeks subsequent to filing the lawsuit and one $145,000.00 and one for $100,000.00, and based on the nature of her injuries and medical specials alleged in the demand letter, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Id., citing Lowery, 483 F.3d at 1212 n.62).

28 U.S.C. § 1446(c)(3)(A) provides "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." A plaintiff's responses to a defendant's requests for admission;

interrogatory responses; and medical bills produced by Plaintiff during discovery are all treated as "other paper." See Wilson v. General, 888 F.2d 779 (11th Cir. 1989); Akin v. Ashland Chemical Co., 156 F.3d 1030 (10th 1998); Chapman v. Powermatic, Inc., 969 F.2d 160 (5th 1992).

Ms. Singletary's demand letter and its attachments would be considered other paper.

8. Ms. Singletary sent her demand for $145,000.00 on July 26, 2021. Thirty days from July 26, 2021 is August 25, 2021. Therefore, Dollar Tree timely files this Petition for Removal. (A copy of Plaintiff's time limited demand is attached as Exhibit "B").

9. Plaintiff is a citizen of Georgia. Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Defendant Dollar Tree is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of the State of Virginia with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia, 23320.

11. Defendant Dollar Tree is not a citizen of the State in which the State Court action is brought.

12. The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code

§1332(a) and accordingly, is one which may be removed to this Court by Dollar Tree pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

13. Defendant Dollar Tree attaches a copy of Defendant Dollar Tree's Notice of Removal that will be filed in the Superior Court of Lowndes County, Georgia marked as Exhibit "C."

14. This action is currently pending in the Superior Court of Lowndes County, Georgia, which is within the jurisdiction of the Middle District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

WHEREFORE the Defendant prays the above action now pending before the Superior Court of Lowndes County, Georgia be removed to this Court's jurisdiction.

This 25th day of August, 2021.

                Goodman McGuffey LLP
                Attorneys for Dollar Tree Stores, Inc. d/b/a Dollar Tree

By:    _/s/ James T. Hankins, III_____
        JAMES T. HANKINS, III
        GA State Bar No. 188771
        jhankins@GM-LLP.com
        SAMANTHA M. MULLIS
        GA State Bar No. 365592
        smullis@gm-llp.com
        3340 Peachtree Road NE, Suite 2100
        Atlanta, GA 30326-1084
        (404) 264-1500 Phone
        (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF GEORGIA

VALDOSTA DIVISION

| | |
|---|---|
| EDNA SINGLETARY,<br><br>　Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., d/b/a DOLLAR TREE,<br><br>　Defendant. | Civil Action<br>File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of Petition for Removal by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Jody D. Peterman, Esq.
Jody D. Peterman, LLC
P.O. Box 6010
Valdosta, GA 31603-6010
petermanlawoffice@yahoo.com
*Attorney for Plaintiff*

Dillon P. Hanson, Esq.
Jody D. Peterman, LLC
P.O. Box 6010
Valdosta, GA  31603-6010
dhanson.petermanlaw@gmail.com
*Attorney for Plaintiff*

This 25th day of August, 2021.

                                   */s/ James T. Hankins, III*
JAMES T. HANKINS, III
GA State Bar No.  188771
jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax